**Marc B. KAYE, Appellant,**

v.

**Melvin R. LAIRD, Secretary of Defense and Stanley R. Resor, Secretary of the Army, Appellees.**

**No. 19059.**

United States Court of Appeals, Third Circuit.

Argued Oct. 27, 1970.

Decided March 17, 1971.

Seitz, Circuit Judge, concurred in the result.

Jeremiah S. Gutman, Levy, Gutman & Goldberg, New York City (Eric M. Blumberg, Washington, D. C., Nathan L. Jacobson, Maplewood, N. J., on the brief), for petitioner-appellant.

Rene Hollyer, Asst. U. S. Atty., Newark, N. J. (Arthur R. Hollyer, Asst. U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus sought by the appellant Kaye in his effort to obtain his discharge from the United States Army as a conscientious objector.

It is admitted that when Kaye was drafted into the Army on December 12, 1968, he was not a conscientious objector. He received full basic training at Fort Jackson, South Carolina. Following that he was trained as an industrial crane operator at Fort Leonard Wood,

Missouri. In June 1969 he was ordered to report to the Fort Dix, New Jersey Overseas Replacement Center, for service in Vietnam. He endeavored to persuade various Army personnel to have the order rescinded. Meeting with no success he started a suit in the District of Columbia District Court to enjoin the Army from sending him to Vietnam. As a basis for this he asserted that he had been inadequately trained and that Army records to the contrary had been forged. The District Court denied his claim and the Army ordered him to report for Vietnam December 3, 1969. The day before the effective date of that order Kaye for the first time stated that he was a conscientious objector and asked that he be discharged from the Army for that reason. The position he took was that he had not reached religious maturity and enlightenment until recently.

In accord with the governing Army regulations, an Army chaplain of Kaye's faith interviewed him and found that he appeared sincere in his convictions but that he was misguided about the tenets and teachings of his faith. Captain Wrightsman, the Post hearing officer, following Army regulations, interviewed Kaye. He decided that Kaye's application should be disapproved as his beliefs were merely a personal moral code. Two other officers in the chain of command were of the opinion that the application was one of numerous attempts by Kaye to avoid going to Vietnam. The officers recommend disapproval of the application. Kaye had an attorney with him at his interview by Captain Wrightsman; the same attorney appears for Kaye in this appeal. The lawyer said that limitations were placed upon him at the interview. Captain Wrightsman made an affidavit that the interview was conducted completely within the controlling Army regulations. Cap-

tain Wrightsman repeated his recommendation that the application be disapproved. There was another interview of Kaye, this time by Captain Krause who found Kaye sincere and that his beliefs were of religious nature. The officer acting for the Fort Dix Commander reviewed the entire file and held that the attorney had not been unduly limited and that Captain Wrightsman's interview was correctly conducted under the particular Army administrative regulation. The Kaye record was forwarded to the Adjutant General in Washington where it was reviewed by The Conscientious Objector Review Board. The latter, on the entire record, concluded that Kaye lacked sincerity in his application and denied the application.

The opinion of the Board that Kaye's application was insincere is solidly based upon the above set out facts. The Board affirmatively decided on the entire record that "Kaye is not sincere. He does not sincerely hold the views on religion he professes in his application."

Sincerity of belief is a fundamental requirement for conscientious objector status. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed. 2d 733 (1965); Bishop v. United States, 412 F.2d 1064 (9 Cir. 1969).

It is also contended on behalf of appellant that the Army denied appellant due processing of his application for discharge.

This argument is patently frivolous. The controlling Army regulations were meticulously observed. The Board opinion was fully justified as above appears.

The judgment of the District Court will be affirmed.

SEITZ, Circuit Judge, concurs in the result.